CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | Civil Action No. 7:10-cv-00428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SECOR, INC., et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

This matter is before the court upon plaintiff's motion for a temporary restraining order and motion to submit hand-written pleadings. Plaintiff filed a complaint against Secor, Inc. (d/b/a Lebanon Community Corrections Center) and its director, Rita Perkins, alleging that they discriminate against him, in violation of the Americans with Disabilities Act. Plaintiff generally alleges that the defendants refuse to accept his transfer from a federal correctional institution into their community corrections facility because of his alleged personality disorder and "on-going violent behavior."

In his motion for a Temporary Restraining Order, plaintiff alleges that he "will suffer and is suffering irreparable harm from the Defendants['] refusal to house him and accept him into their custody"; "is likely to succeed on the merits"; and the defendants will not be harmed because "they are a 'place of incarceration' designated to house prisoners." (Mot. 1.)

The purpose of a Temporary Restraining Order is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Pursuant to Federal Rule of Civil Procedure 65(b), the court may issue a Temporary Restraining Order

without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. (Id.) Moreover, the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008).

Plaintiff failed to comply with Rule 65 because he did not submit specific, relevant facts in an affidavit or verified complaint. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009) (stating a court can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions). More importantly, the status quo is preserved by not granting plaintiff's request to be transferred to a facility that does not want him housed there. The public interest is not served by having it pay for a premature, and perhaps unnecessary, prisoner transfer. Furthermore, plaintiff fails to allege how he suffers immediate and irreparable injury in his current institution, and the defendants may be prejudiced by receiving an inmate who would allegedly disrupt its population. Accordingly, the court denies plaintiff a Temporary Restraining Order.

Plaintiff also filed a motion for leave to file hand-written pleadings because he does not have access to a typewriter. The court does not object to receiving hand-written pleadings if they are legible. Accordingly, the court grants plaintiff leave to file hand-written pleadings.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 29th day of September, 2010.

_James C. Turk_
Senior United States District Judge