CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 5 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM A. WHITE, | ) | Civil Action No. 7:10-cv-00428 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SECOR, INC., et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

William A. White, a federal prisoner proceeding pro se, filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, against defendants Secor, Inc. (d/b/a Lebanon Community Corrections Center ("LCCC")) and its director, Rita Perkins. Plaintiff alleges that the defendants discriminate against him by preventing his prison transfer from a federal correctional facility to the community corrections center. This matter is before the court for screening, pursuant to 42 U.S.C. § 1997e(c). After reviewing plaintiff's submissions, the court dismisses the action without prejudice as frivolous.

I.

Plaintiff complains that Rita Parker, the Director of the LCCC, will not accept him from the Bureau of Prisons ("BOP"). The LCCC provides half-way house programming for the BOP. Plaintiff argues that the defendants will not accept him into the half-way house program because of his alleged Narcissistic Personality Disorder and on-going violent behaviors. Plaintiff argues that the defendants are discriminating against him, in violation of the ADA, by not allowing him to participate in the half-way house program because of "the perception" of his personality disorder.

Plaintiff filed a substantially similar action in White v. Secor, Inc., No. 7:10-cv-00345 (W.D. Va.), and plaintiff requests that the court take judicial notice of it. Plaintiff filed in that

action a copy of a letter to establish his attempts to exhaust administrative remedies. Plaintiff also acknowledged in his prior complaint that he "does not actually suffer from Narcissistic Personality Disorder." Plaintiff states that the diagnosing physician used improper methodology, and it was subsequently determined that the physician could not substantiate his diagnosis. Plaintiff requests as relief in the instant action an injunction compelling the defendants to accept his transfer from the Bureau of Prisons and damages of $1,000.00 per day after September 27, 2010, that plaintiff is not transferred to the LCCC.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under Title III of the ADA, a person alleging discrimination must show, inter alia, that he is disabled within the meaning of the ADA and that the defendant is a private entity that owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). See 42 U.S.C. § 12181(7) ("public accommodations .... [are private] entities [which] affect commerce -- [including] an inn, ... a restaurant, a motion picture house, .... an auditorium, ... or other place of public gathering;"). However, by plaintiff's own admission, plaintiff is not disabled within the meaning of the ADA. Plaintiff alleged that he does not, in fact, suffer from Narcissistic Personality Disorder. Thus, plaintiff does not qualify for relief under the ADA.

Moreover, plaintiff fails to establish that the private correctional facility is a place of public accommodation. Plaintiff's only argument in support of this proposition is his legal conclusion that the defendants "are providers of public accommodation" under the ADA.

(Compl. ¶ 4.) A party's legal conclusion is not entitled to an assumption of truth, and plaintiff provides no support for this proposal. Cf. Castle v. Eurofresh, Inc., No. CV-09-8114, 2010 U.S. Dist. LEXIS 93064, at *17 (D. Ariz. Aug. 10, 2010) (stating prison facilities are not places of public accommodation under state law analogous to Title III of the ADA); Morgan v. Mississippi, No. 2:07-cv-15, 2008 U.S. Dist. LEXIS 107172, at *14-15, 2008 WL 44981 *5-6 (S.D. Miss. Feb. 14, 2008) (finding public accommodation under Title III not to include state prison); Brown v. King Cnty. Dept. of Adult Corr., No. C97-1909W, 1998 U.S. Dist. LEXIS 20152, at *16-17, 1998 WL 1120381, at *6 (W.D. Wa. Dec. 9, 1998) (determining that county correctional facility is not considered a place of public accommodation under analogous state statute); Douglas v. U.S. Att'y Gen., 404 F. Supp. 1314 (W.D. Okla. Aug. 26 1975) (stating places of public accommodation do not include prisons). Accordingly, the court dismisses the action without prejudice as frivolous because plaintiff readily admitted he is not disabled and seeks a prison transfer under the ADA.[1]

III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 42 U.S.C. § 1997e(c), and denies the remaining motions as moot.[2]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This 5th day of November, 2010.

_____
Senior United States District Judge

---

[1] A petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is the means by which a person in federal custody challenges the execution of his sentence.

[2] The court no longer needs to consider plaintiff's motion to amend an already denied motion for a subpoena duces tecum and a motion for a preliminary injunction.

4